UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA – SOUTHERN DIVISION

| | | |
|---|---|---|
| STAVENIOUS THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| CITY OF DOTHAN, ALABAMA, | ) | |
| BRANDON COBB, ERIK BROTEN, | ) | DEMAND FOR JURY TRIAL |
| HUNTER BULLOCK, NICHOLAS | ) | |
| BAITY, and JESSICA WHEELER, | ) | |
| Individually and in their official | ) | |
| capacities | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Stavenious Thomas (hereinafter "Mr. Thomas" or "Plaintiff"), by and through counsel of record, and hereby states for his Complaint as follows:

## I. INTRODUCTION

1.    This is an action brought by the Plaintiff against the Defendant City of Dothan ("The City") and its Defendant officers, Brandon Cobb, ("Cobb"), Erik Broten ("Broten"), Hunter Bullock  ("Bullock), Nicholas Baity ("Baity) and Jessica Wheeler ("Wheeler"), for use of excessive force resulting in the physical injuries, pain and suffering and compensatory losses while acting under the color of law in violation of Stavenious Thomas' individual rights under the Fourth, Eighth and

Fourteenth Amendments of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

2.     On or about May 5, 2021, while on duty with City of Dothan, said defendant officers of the city's Police Department, each viciously and without just cause, physically attacked and caused K-9 police dogs to maul and bite Mr. Thomas repeatedly while he posed no threat of harm to others, the officers or himself during a police stop and was otherwise compliant and restrained.

3.     The City of Dothan's customs, policies, practices, acts, and omissions allowed Defendants, Broten, Bullock, Baity, and Wheeler to use excessive force to harm Stavenious Thomas.

4.     The City has long been on notice that there is a significant risk that Police Officers may unlawfully use excessive force in dealing with civilians.

5.     Despite being on notice of the potential for unlawful use of excessive force, the City acted with deliberate indifference to the substantial risk of harm to civilians, including the Plaintiff.

6.     Plaintiff alleges that the Defendant City, vested with all powers of the City and the determination of all matters of policy and Chief of Police, delegated with authority for setting policies, including training of the Dothan Police Officers, had a duty, but failed to implement and enforce such policies, practices and

procedures for the Dothan Police that respected Plaintiff's constitutional rights to protection and equal treatment under the law.

7.    The duty to manage and train Dothan Police Officers is delegated to its chief of police by the City of Dothan. The Dothan City Council, the City Manager's failure to implement the necessary policies and the (de facto) implementation of unconstitutional policies, deprived Mr. Thomas of equal protection and due process under the Fourth, Eighth and Fourteenth Amendments to the Constitution and caused him to experience unwarranted and excruciating physical and mental anguish during his arrest.

8.    For these civil rights violations and other causes of actions discussed herein, Plaintiff seeks answers and compensation in connection with the brutal police beating and K-9 police dog attacks.

## II. PARTIES

9.    Plaintiff, Stavenious Thomas is of legal age and a U.S. citizen and resided in Dothan, Alabama on the date of this brutal attack.

10.    Defendant Brandon Cobb was employed by the City of Dothan as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. Defendant Cobb may be served with process at the City of Dothan Police Department or wherever he may be found.

11.    Defendant Erik Broten was employed by the City of Dothan as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. Defendant Broten may be served with process at the City of Dothan Police Department or wherever he may be found.

12.    Defendant Hunter Bullock was employed by the City of Dothan as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. Defendant Bullock may be served with process at the City of Dothan Police Department or wherever he may be found.

13.    Defendant Nicholas Baity was employed by the City of Dothan as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. Defendant Baity may be served with process at the City of Dothan Police Department or wherever he may be found.

14.    Defendant Jessica Wheeler was employed by the City of Dothan as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. Defendant Wheeler may be served with process at the City of Dothan Police Department or wherever she may be found.

15.    Defendant City of Dothan is a municipality located in Dothan Alabama. Defendant City funds and operates the Dothan Police Department ("DPD"), which, along with the Dothan City Council, and the City Manager are responsible for the implementation of the DPD's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this lawsuit. The DPD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of Dothan. All actions that form the basis of this lawsuit were performed pursuant to policies and procedures, customs and practices of Defendant, City. The City of Dothan has the responsibility and duty to promulgate, implement, train and enforce policies and procedures prohibiting unlawful detentions, arrests, and exercises of excessive force, in violation of minimum constitutional and statutory requirements; to properly hire, fire, discipline, train and supervise police officers and to not hire or retain police officers with a known propensity for police misconduct. At all relevant times, Defendant City is and was a duly organized public entity, form unknown, existing under the laws of the State of Alabama, situated within the Middle District of Alabama. Defendant City may be served with citation herein by and through its agent for service of process, Kevan Kelly, City Attorney, P.O. Box 2128 Dothan, AL 36302.

## III. JURISDICTION AND VENUE

17.    The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 1331 and 1343(a)(3) and (4) to obtain redress for the deprivation of rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the constitution of the United States pursuant to 42 U.S.C. § 1983.

18.    The Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 for state claims that arise from the same facts and circumstances from which Plaintiff's federal claims arose.

19.    Venue is proper in this Court under 28 U.S.C. § 1391(b), in that the events or occurrences giving rise to Plaintiff's claims occurred in the Middle District of Alabama, in that all incidents, acts or omissions about which Plaintiff complains occurred in Houston County, AL.

## IV. FACTS COMMON TO ALL FORMS OF RELIEF

20.    On or about May 5, 2021, while being arrested, Mr. Thomas was physically attacked by each defendant officer, who also commanded police dogs to attack Mr. Thomas after Thomas was apprehended and posing no threat of hard to himself, the defendant officers, or others.

21.    During said attack, Mr. Thomas was being held down, was fully restrained, and was not resisting arrest, nor posing a threat to the officers, others or himself.

22.     During said attack, Mr. Thomas was repeatedly struck in his head and kicked in his backside by the police officers.

23.     Mr. Thomas sustained serious dog bites throughout his legs and thighs, which caused bleeding, extreme pain, permanent scarring and required extensive medical treatment.

24.     As a result of the attack by the defendant officers and the police dogs, Mr. Thomas has suffered extreme bodily pain, flesh injuries, ongoing emotional distress, and mental anxiety.

25.     As a result of said attack, Mr. Thomas has incurred medical bills, pain, suffering, emotional distress, mental anguish and suffered the loss of the enjoyment of life.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### UNREASONABLE SEARCH AND SEIZURE—DETENTION AND ARREST (42 U.S.C. § 1983) - Brandon Cobb, Erick Broten, Hunter Bullock, Nicholas Baity, and Jessica Wheeler

26.     Defendants each individually and severally, caused Thomas to be detained and attempted to arrest Thomas in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Thomas under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27.    As a result of the conduct of Defendants, each is individually and severally liable for Mr. Thomas' injuries because each acted as an integral participant in the violations of Mr. Thomas' Constitutional and State rights.

28.    Mr. Thomas was detained without reasonable suspicion by each Defendant officer and they arrested Plaintiff without probable cause.

29.    The conduct of each Defendant officer was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Thomas and therefore warrants the imposition of exemplary and punitive damages as to each Defendant individually and severally.

30.    Accordingly, each Defendant is liable to Plaintiff for compensatory and punitive damages, including wrongful death damages, under 42 U.S.C. § 1983.

31.    Plaintiff also seeks attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**
**EXCESSIVE FORCE – VIOLATION OF PLAINTIFF'S FOURTH and EIGHTH AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. § 1983 – Brandon Cobb, Erick Broten, Hunter Bullock, Nicholas Baity, and Jessica Wheeler**

32.    On or about May 5, 2021, Officers Cobb, Broten, Hunter, Bullock, Wheeler and Baity, individually and severally in their individual capacity and while acting under color of state law as City of Dothan, Alabama police officers, subjected Mr. Thomas to, or caused Mr. Thomas to be subjected to, the deprivation

of his Fourth Amendment rights under the United States Constitution to be free from the use of excessive force.

33.    Upon information and belief, each Defendant officer was deliberately acting in accordance with a City of Dothan, Alabama pattern, practice, or custom of using excessive force during the arrest of individuals, including hitting, kicking, punching, and commanding the attack of police dogs on Mr. Thomas after he had already been handcuffed and/or incapacitated and was under arrest in violation of his Fourth Amendment rights and his Eighth Amendment rights for a detainee in custody.

34.    As a direct and proximate result of the violent attack, Mr. Thomas suffered numerous serious injuries as described herein, including, but not limited to, dog bites penetrating the flesh, bleeding, extreme bodily pain, permanent scarring in his legs and thighs, ongoing emotional distress and mental anxiety.

35.    The conduct of each officer was intentional, outrageous, and demonstrated evil motive and a reckless or callous indifference to Mr. Thomas' rights, thus entitling him to punitive damages.

36.    To the extent Mr. Thomas prevails in the instant case, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against each defendant officer in an amount that is fair and

reasonable, for punitive damages, costs, and attorneys' fees, for injunctive relief

against each defendant officer, barring him from engaging in unlawful patterns and

practices as described herein, and for such other legal or equitable relief the Court

deems appropriate. To the extent Mr. Thomas prevails in the instant case, he is

entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
**EXCESSIVE FORCE – VIOLATION OF PLAINTIFF'S FOURTH**
**AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. § 1983 – City of Dothan,**
**Alabama**

37.    On or about May 5, 2021, the City of Dothan, Alabama, subjected Mr.

Thomas to, or caused Mr. Thomas to be subjected to, the deprivation of his Fourth

Amendment rights under the United States Constitution to be free from

unreasonable seizures of his person and the use of excessive force.

38.    Upon information and belief, the aforementioned officers were

deliberately acting in accordance with a City of Dothan, Alabama pattern,

practice, or custom of using excessive force during the arrest of individuals,

including hitting, kicking, punching, and commanding the attack of police dogs on

detainees after they have already been handcuffed and/or incapacitated.

39.    As a direct and proximate result of the violent attack, Mr. Thomas

suffered numerous serious injuries as described herein, including, but not limited

to, bleeding, extreme bodily pain, permanent scarring in his legs and thighs,

ongoing emotional distress and mental anxiety.

40.    The conduct of the City of Dothan was intentional, outrageous, and demonstrated evil motive and a reckless or callous indifference to Mr. Thomas's rights, thus entitling him to punitive damages.

41.    To the extent Mr. Thomas prevails in the instant case, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against the City of Dothan, Alabama in an amount that is fair and reasonable, for punitive damages, costs, and attorneys' fees, for injunctive relief against the City of Dothan barring it from creating, encouraging, promoting, accepting, or permitting a pattern, practice, or custom among City of Dothan Alabama police officers of engaging in unlawful patterns and practices as described herein, and for such other legal or equitable relief the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENCE UNDER ALABAMA LAW – COBB

42.    On or about May 5, 2021, defendant Brandon Cobb acted with neglect, carelessness and unskillfulness in his wrongful use of force against Mr. Thomas which amounted to negligence.

43.    The unskillful acts that amounted to negligent use of force against Mr. Thomas were committed in violation of the United States Constitution, Alabama

common law and Alabama statutes, and Cobb acted willfully, maliciously, beyond his authority and/or under a mistaken interpretation of the law in his unskillfulness by negligently applying unreasonable force against Mr. Thomas.

44.    Cobb acted in the line and scope of his employment with the City when he negligently applied force to Mr. Thomas.

45.    Cobb is individually and personally liable to Mr. Thomas for the injuries he caused Mr. Thomas as a proximate result of his negligence.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against Brandon Cobb in amount that is fair and reasonable, for punitive damages, and for such other legal or equitable relief the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE UNDER ALABAMA LAW – BROTEN

46.    On or about May 5, 2021, defendant Erik Broten acted with neglect, carelessness and unskillfulness in his wrongful use of force against Mr. Thomas which amounted to negligence.

47.    The unskillful acts that amounted to negligent use of force against Mr. Thomas were committed in violation of the United States Constitution, Alabama common law and Alabama statutes and Broten acted willfully, maliciously, beyond his authority and/or under a mistaken interpretation of the law in his unskillfulness by negligently applying unreasonable force against Mr. Thomas.

48.     Broten acted in the line and scope of his employment with the City when he negligently applied force to Mr. Thomas.

49.     Broten is individually and personally liable to Mr. Thomas for the injuries he caused Mr. Thomas as a proximate result of their negligence.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against Erik Broten in an amount that is fair and reasonable, for punitive damages, and for such other legal or equitable relief the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENCE UNDER ALABAMA LAW – BULLOCK

50.     On or about May 5, 2021, defendant Hunter Bullock acted with neglect, carelessness and unskillfulness in his wrongful use of force against Mr. Thomas which amounted to negligence.

51.     The unskillful acts that amounted to negligent use of force against Mr. Thomas were committed in violation of the United States Constitution, Alabama common law and Alabama statutes and Bullock acted willfully, maliciously, beyond his authority and/or under a mistaken interpretation of the law in his unskillfulness by negligently applying unreasonable force against Mr. Thomas.

52.     Bullock acted in the line and scope of his employment with the City when he negligently applied force to Mr. Thomas.

53.    Bullock is individually and personally liable to Mr. Thomas for the injuries he caused Mr. Thomas as a proximate result of their negligence.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against Hunter Bullock in amount that is fair and reasonable, for punitive damages, and for such other legal or equitable relief the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENCE UNDER ALABAMA LAW – BAITY

54.    On or about May 5, 2021, defendant Nicholas Baity acted with neglect, carelessness and unskillfulness in his wrongful use of force against Mr. Thomas which amounted to negligence.

55.    The unskillful acts that amounted to negligent use of force against Mr. Thomas were committed in violation of the United States Constitution, Alabama common law and Alabama statutes and Baity acted willfully, maliciously, beyond his authority and/or under a mistaken interpretation of the law in his unskillfulness by negligently applying unreasonable force against Mr. Thomas.

56.    Baity acted in the line and scope of his employment with the City when he negligently applied force to Mr. Thomas.

57.    Baity is individually and personally liable to Mr. Thomas for the injuries he caused Mr. Thomas as a proximate result of their negligence.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against Nicholas Baity in amount that is fair and reasonable, for punitive damages, and for such other legal or equitable relief the Court deems appropriate.

### EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE UNDER ALABAMA LAW – WHEELER

58. On or about May 5, 2021, defendant Jessica Wheeler acted with neglect, carelessness, and unskillfulness in her wrongful use of force against Mr. Thomas which amounted to negligence.

59. The unskillful acts that amounted to negligent use of force against Mr. Thomas were committed in violation of the United States Constitution, Alabama common law and Alabama statutes and Wheeler acted willfully, maliciously, beyond her authority and/or under a mistaken interpretation of the law in her unskillfulness by negligently applying unreasonable force against Mr. Thomas.

60. Wheeler acted in the line and scope of her employment with the City when she negligently applied force to Mr. Thomas.

61. Wheeler is individually and personally liable to Mr. Thomas for the injuries she caused Mr. Thomas as a proximate result of her negligence.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against Jessica Wheeler in amount that is fair and

reasonable, for punitive damages, and for such other legal or equitable relief the Court deems appropriate.

## NINTH CLAIM FOR RELIEF
## NEGLIGENCE UNDER ALABAMA LAW – DOTHAN

62.    On or about May 5, 2021, defendants Cobb, Broten, Bullock, Baity, and Wheeler, acting in their individual capacities as agents for the City, acted unskillful in their wrongful use of force against Mr. Thomas which amounted to negligence.

63.    The unskillful acts that amounted to negligent use of force against Mr. Thomas were committed in violation of the United States Constitution, Alabama common law and Alabama statutes and the defendants acted willfully, maliciously, beyond their authority and/or under a mistaken interpretation of the law in their unskillfulness by negligently applying unreasonable force against Mr. Thomas.

64.    The individual defendants acted in the line and scope of their employment with the City when they negligently applied force to Mr. Thomas.

65.    The City is vicariously liable to Thomas for the negligent, careless, and unskillful acts committed by its agents Cobb, Broten, Bullock, Baity, and Wheeler in the line and scope of their employment.

WHEREFORE, Plaintiff respectfully asks the Court to award him compensatory damages against the City of Dothan, Alabama in amount that is fair

and reasonable, for punitive damages, and for such other legal or equitable relief

the Court deems appropriate.

## TENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR
## POLICY - 42 U.S.C. § 1983 – DOTHAN

66.     On or about May 5, 2021, defendants Cobb, Broten, Bullock, Baity,

and Wheeler, acting in their individual capacities as agents for the City, acted

unskillful in their wrongful use of force against Mr. Thomas.

67.     Defendant City is liable for all damages suffered by the Plaintiff

pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) and 42 U.S.C. §

1983, based on an official policy or custom of the City of Dothan Police

Department of which the policymakers, including the Dothan City Council, the

City Manager and Chief of Police all had actual or constructive knowledge that

such policies and customs were a moving force behind the constitutional violations

alleged herein.

68.     On and for some time prior to May 5, 2021 (and continuing to the

present date) Defendant City, deprived Plaintiff Mr. Thomas or the rights and

liberties secured to him by the Fourth and Fourteenth Amendments to the United

States Constitution, in that said defendants and their supervising and managerial

employees, agents and representatives, acting with gross negligence and with

reckless and deliberate indifference to the rights and liberties of the public in

general, and of Plaintiff's, and persons in his class, situation and comparable

position in particular, knowingly maintained, enforced and applied an official

recognized custom, policy, and practice of:

       a.  Employing and retaining as police officers and other personnel,

including defendants Cobb, Broten, Bullock, Baity, and Wheeler, at all times

material herein knew or reasonably should have known had dangerous propensities

for abusing their authority and for mistreating citizens by failing to follow written

City Police Department policies;

       b.  Inadequately supervising, training, controlling, assigning, and

disciplining City Police Officers, and other personnel, who Defendant City knew

or in the exercise of reasonable care should have known had the aforementioned

propensities and character traits;

       c.  Failing to adequately train officers, including defendants Cobb,

Broten, Bullock, Baity, and Wheeler, and failing to institute appropriate policies,

regarding the use of excessive force, including deadly force and de-escalation

techniques;

       d.  Having and maintaining an unconstitutional policy, custom, and

practice of using excessive force, including deadly force, which also is

demonstrated by inadequate training regarding these subjects. The policies,

customs, and practices of Defendant City were done with a deliberate indifference to individuals' safety and rights; and

      e.  Totally inadequately training City Police Officers, defendants Cobb, Broten, Bullock, Baity, and Wheeler, with respect to attacking and using dogs to attack unarmed individuals who are detained and pose no threat to the officers or others.

69.    By reason of the aforementioned policies and practices of Defendant City, Plaintiff suffered serious bodily injuries and was subjected to pain and suffering.

70.    Defendant City, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, Mr. Thomas, and other individuals similarly situated.

71.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant City, acted with an intentional, reckless, and callous disregard for the safety of Plaintiff, and Plaintiff's

constitutional rights. Defendant City's actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

72.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant City, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

73.    By reason of the aforementioned acts and omissions of Defendant City, Plaintiff has suffered and continues to suffer from severe emotional distress and mental anguish.

74.    Accordingly, Defendant City is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

75.    Plaintiff also seeks attorney fees under this claim.

## ELEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY FOR FAILURE TO TRAIN - 42 U.S.C. § 1983 – DOTHAN

76.    On or about May 5, 2021, defendants Cobb, Broten, Bullock, Baity, and Wheeler, acting in their individual capacities as agents for the City, acted unskillful in their wrongful use of force against Mr. Thomas.

77.    While acting under the color of state law and within the course and scope of their employment as police officers for the City police department, defendants Cobb, Broten, Bullock, Baity and Wheeler's attack on Mr. Thomas,

who was unarmed, deprived Mr. Thomas of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

78.    The training policies of the defendant City police department were not adequate to train its police officers, including but not limited to defendants Cobb, Broten, Bullock, Baity, and Wheeler, with regards to using excessive force. As a result, City police officer defendants Cobb, Broten, Bullock, Baity, and Wheeler are not able to handle the usual and recurring situations with which he must deal, including making contact with unarmed individuals and detaining those individuals without the use of excessive force. These inadequate training policies existed prior to the date of this incident and continue to this day.

79.    The Defendant City police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officer defendants Cobb, Broten, Bullock, Baity and Wheeler adequately with regards to using excessive force. This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to using excessive force and refraining from attacking individuals who are already fully restrained and not posing a threat to officers.

80.    Defendant City was aware that failure to implement some sort of training with regards to their officers' use of excessive force and dealing with

unarmed suspects who pose no physical threat to officers would result in continuing to have numerous unreasonable officer involved attacks of individuals that pose no threat to officers annually.

81.    The failure of the Defendant City police department to provide adequate training with regards to using excessive force, caused the deprivation of the Plaintiff's rights by defendants Cobb, Broten, Bullock, Baity and Wheeler. In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

82.    By failing to provide adequate training to City's police officers, including defendants Cobb, Broten, Bullock, Baity and Wheeler, the officers acted with an intentional, reckless, and callous disregard for the safety of Mr. Thomas and his constitutional rights. Defendant City's actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

83.    By reason of the aforementioned acts and omissions of defendant City, Plaintiff was caused to incur medical expenses.

84.    By reason of the aforementioned acts and omissions of Defendant City, Plaintiff has suffered and continues to suffer from severe emotional distress mental anguish.

85.    Accordingly, Defendant City is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

86.    Plaintiff also seeks attorney's fees under this claim.

## COSTS AND ATTORNEY FEES

87.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff requests the Court award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

88.    Plaintiff reserves the right to plead and prove the damages to which he is entitled to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## JURY DEMAND

Plaintiff demands a trial struck by jury on all issues so triable.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff respectfully prays judgment as follows as to all counts/claims:

A. An order entering judgment for him against Defendants on each of his claims for relief;

B. An award for compensatory damages against all Defendants, jointly and severally, for their violation of Plaintiff's constitutionally protected rights, the amount to be determined at trial;

C. An award to Plaintiff of punitive damages against Defendants on the basis of their conscious, criminal wrongdoing and/or callous indifference to Plaintiff's constitutional rights and welfare, the amount to be determined at trial;

D. An award to Plaintiff of the costs of this action, including reasonable attorneys' fees;

E. Preclusion of Defendants Cobb, Broten, Bullock, Baity and Wheeler from ever serving in the capacity of police officer; and

F. Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of April 2023.


s/Reginald D. McDaniel (ASB-7676-L73M)
Attorney for the Plaintiff (MCD061)
Reginald D. McDaniel, Attorney at Law, LLC
1211 W. Main St.
Dothan, AL 35203
205.433.6130 (P)
205.222.8656 (C)
888.357.8447 (F)
rdm@reginaldmcdaniel.com

Of Counsel
Rodney Davis (DAV219)
Alabama Bar No. ASB-5880-W20F

REGINALD D. MCDANIEL, ATTORNEY AT LAW, LLC
1211 W. Main St.
Dothan, AL 36301
205.578.1597 (P)
205.888.8447 (F)
rodney@reginaldmcdaniel.com

## **REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the Summons and Complaint in this case

be served upon the following Defendants by Certified Mail at their respective

mailing addresses as follows:

Brandon Cobb
c/o Dothan Police Department
210 N. Saint Andrews St.
Dothan, AL 36303

Erik Broten                          Hunter Bullock
c/o Dothan Police Department          c/o Dothan Police Department
210 N. Saint Andrews St.              210 N. Saint Andrews St.
Dothan, AL 36303                      Dothan, AL 36303

Nicholas Baity                        Jessica Wheeler
c/o Dothan Police Department          c/o Dothan Police Department
210 N. Saint Andrews St.              210 N. Saint Andrews St.
Dothan, AL 36303                      Dothan, AL 36303

City of Dothan
c/o Wendy Shriver
Clerk, City of Dothan
P.O. Box 2128
Dothan, AL 36302