UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STAVENIOUS THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) |
| CITY OF DOTHAN, *et al.*, | ) CASE NO. 1:23-cv-00214-RAH |
| Defendants. | ) [WO] |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Defendants' Motion to Dismiss. (Doc. 13.) The motion has been fully briefed and is ripe for decision. For the following reasons, the motion is due to be GRANTED.

### FACTS AND PROCEDURAL HISTORY

Plaintiff Stavenious Thomas was arrested by the Dothan Police Department (DPD) on May 5, 2021. Thomas alleges that, after he was apprehended, and without resisting arrest or posing any threat, he was held down, restrained, and physically attacked by several officers and a canine. (Doc. 1 at 2, 6-7.) As a result, Thomas sustained bodily injuries that required "extensive medical treatment." (*Id.* at 7.)

Thomas now sues the City of Dothan and five DPD officers: Brandon Cobb, Erik Boten, Hunter Bullock, Nicholas Baity, and Jessica Wheeler in their individual and official capacities in connection with his arrest. He brings federal claims under

1

42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments and six state law claims for negligence.

In their motion to dismiss, Defendants seek dismissal of ten of the eleven claims, leaving only the Fourth Amendment excessive force claim under Count Two. Specifically, Defendants argue lack of standing, redundancy, municipal immunity, qualified immunity, peace officer immunity, and failures to state a claim.

Per a joint status report filed by the parties, Thomas has consented to the dismissal of his Eighth Amendment claim in Count Two and all of his official capacity claims. The parties now request a ruling on the Defendants' remaining arguments for dismissal. The Court does so now.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a causation of action will not do.'" *Id.*

"To decide whether a complaint survives a motion to dismiss, [district courts] use a two-step framework." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of the truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2019). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Here, Thomas "bear[s] the burden of setting forth facts that entitle [him] to relief." *Worthy v. City of Phenix City*, 930 F.3d 1206, 1222 (11th Cir. 2019).

## DISCUSSION

### A. Abandoned Counts

Defendants move to dismiss Counts One and Three through Eleven in their entirety. They also seek dismissal of Count Two to the extent it asserts a violation of the Eighth Amendment and an unlawful search and seizure under the Fourth Amendment. According to the Defendants, in response to their motion, Thomas either did not respond or, if he did, it was only threadbare and conclusory. Defendants therefore argue that Thomas has abandoned these claims.

Courts in the Eleventh Circuit have repeatedly held that a failure of a party to respond or oppose a pending motion may constitute abandonment of the claims at issue in that motion. *See, e.g., Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000); *Hooper v. City of Montgomery,* 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned); *Barnes v. AstraZeneca Pharm.*, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017).

Here, the Complaint asserts three general claim categories: (1) unreasonable search and seizure by the arresting officers, (2) excessive force by the arresting officers, and (3) municipal liability for the officers' actions. In his response, as applicable to the unreasonable search and seizure claim and the lawfulness of the arrest itself, Thomas makes no attempt to defend against dismissal of those claims either based on the substantive facts asserted in the Complaint or the arguments

4

advanced by the Defendants.[1]  As such, all claims based on an unreasonable search and seizure as it concerns the lawfulness of Thomas's arrest are deemed abandoned and therefore are due to be dismissed, including any municipal liability claims asserted against the City of Dothan for the actions of the officer defendants.

Thomas advances his excessive force theory against the officers under Count Two for violations of the Fourth and Eighth Amendments and under state law claims for negligence under Counts Four, Five, Six, Seven, and Eight.  And against the City of Dothan, he advances that claim in Count Three (Fourth Amendment), Count Nine (vicarious liability for the negligent actions of the officer defendants), Ten (*Monell*[2] liability), and Eleven (failure to train in violation of the Fourth and Fourteenth Amendments).  Thomas did not address  the Defendants' Eighth Amendment argument in his responsive brief and conceded in a joint status report that the Eighth Amendment excessive-force claim in Count Two should be dismissed.  He also does not respond to any of the City of Dothan's arguments for dismissal of any of the

---

[1] To the extent he does attempt to defend against dismissal of the claim, he confusingly mixes a Fourth Amendment excessive force claim with a Fourth Amendment search and seizure claim. Although the Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force, they are distinctively different claims from a legal analysis standpoint.  And here, Thomas's claim appears to be factually rooted in the use of force and not the legality of the arrest itself.

[2] In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that a municipality may be held liable for an officer's actions when the plaintiff establishes that the officer violated their constitutional rights, and that violation resulted from an official or unofficial municipal custom or policy.

claims against it, including the claims seeking punitive damages. Therefore, those claims are also deemed abandoned.

Thomas does however direct most of his response to his Fourth Amendment excessive force claim in Count Two. But that is a claim for which the officer defendants do not seek dismissal. Accordingly, the Eighth Amendment claim contained in Count Two will be dismissed but the Fourth Amendment excessive force claim in Count Two will not.

Thomas does respond to the negligence claims against the officer defendants, pointing to the factual allegations giving rise to his Fourth Amendment excessive force claim and arguing the officer defendants' lack entitlement to any immunities (qualified, state agent, and peace officer) at the present stage. The Court concludes Thomas has sufficiently responded to the officer defendants' motion to dismiss these claims and, therefore, Thomas has not abandoned these claims.

Finally, as to his claims seeking injunctive relief, instead of addressing the City of Dothan's arguments for dismissal, Thomas attempts to recast his injunctive relief claim into one seeking to bar the officer defendants from ever serving as police officers in the future. (Doc. 20 at 2.) As the Defendants note, this claim was not pled in the Complaint and Thomas cannot amend his Complaint through assertions in a responsive brief. *See Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that it was improper for a plaintiff to amend her complaint

through an argument opposing summary judgment); *Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1148 n.9 (M.D. Ala. 2005) (finding dismissal of a Fourth Amendment claim was proper because "[a] complaint may not be amended by briefs in opposition to a motion to dismiss or motion for summary judgment"). Nevertheless, since Thomas did not respond to the *actual* arguments for dismissal that the Defendants made in their motion to dismiss, Thomas's injunctive relief claims are deemed abandoned and will therefore be dismissed.[3]

In short, the Court concludes that Thomas has abandoned all claims in his Complaint except for the Fourth Amendment excessive force claim in Count Two against the officer defendants and his negligence claims against the officer defendants in Counts Four, Five, Six, Seven, and Eight.

## B. State Law Negligence Claims Against the Officer Defendants

Counts Four, Five, Six, Seven, and Eight are state law negligence claims asserted against each of the officer defendants arising out of the use of force against Thomas. These claims travel along the same conduct made the basis of Thomas's Fourth Amendment excessive force claim. While the officer defendants did not move to dismiss the Fourth Amendment excessive force claim, they do move to dismiss the negligence claims, asserting their entitlement to a variety of immunities.

---

[3] Since the injunctive and equitable relief claims are being dismissed on abandonment grounds, the Court pretermits discussion of standing.

Thomas opposes the officer defendants' immunity assertions based on the facts that have been plead and the manner in which those allegations must be viewed at the motion to dismiss stage. This however does not save Thomas's negligence claims from dismissal.

Peace officer immunity derives from Alabama Code § 6-5-338(a), which provides in pertinent part, that "[e]very peace officer . . . shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338(a). The Alabama Supreme Court has explained that "[t]he restatement of State-agent immunity . . . in *Ex parte Cranman* . . . governs the determination of whether a peace officer is entitled to immunity under § 6–5–338(a)." *Ex parte City of Homewood*, 231 So. 3d 1082, 1086 (Ala. 2017) (internal quotations and citations omitted). That immunity doctrine provides that:

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons . . . .
>
> Notwithstanding anything to the contrary in the foregoing statement ... a State agent *shall not* be immune from civil liability in his or her personal capacity (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith,

> beyond his or her authority, or under a mistaken interpretation of the law.

*Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000), *holding modified by Hollis v. City of Brighton*, 950 So. 2d 300 (Ala. 2006).

The peace officer and state agent/*Cranman* immunity analysis is a burden shifting process. *Stryker v. City of Homewood*, No. 2:16-CV-0832-VEH, 2017 WL 3191097, at *16 (N.D. Ala. July 27, 2017). A peace officer asserting immunity bears the initial burden of demonstrating that the plaintiff's claims arise from a function that would entitle the peace officer to immunity. *Ex parte City of Homewood*, 231 So. 3d at 1087. To carry that burden, peace officers "must establish (1) that they were peace officers (2) performing law-enforcement duties at the time of the accident and (3) exercising judgment and discretion." *Id.* "If they can do so, the burden then shifts to [the plaintiff] to show that one of the *Cranman* exceptions applies." *Id.*

From the face of the Complaint, the officer defendants have made all three of the necessary showings. First, as the Complaint make clear, the officer defendants, as city police officers, were peace officers at the time of the arrest and use of force. *See Stryker*, 2017 WL 3191097, at *17 (holding that city police officers, sued in their individual capacities for claims arising out of their arrest of plaintiff, were peace officers for purposes of § 6-5-338(a)). Second, they were performing law-enforcement duties in arresting Thomas. *See id.*; *see also Williams v. City of*

9

*Dothan, Ala.*, No. 1:14-CV-287-WHA, 2015 WL 4635264, at *3 (M.D. Ala. Aug. 3, 2015) (noting that officers "were acting within the scope of their law enforcement duties in making an arrest"). Finally, they were exercising judgment and discretion in effectuating the arrest. *See Swan v. City of Hueytown*, 920 So. 2d 1075, 1079 (Ala. 2005) ("[A]rrests and attempted arrests are generally classified as actions requiring an officer to exercise judgment."); *see also Walker v. City of Huntsville*, 62 So. 3d 474, 498 (Ala. 2010) (holding that police officers sued for "failure to obtain medical treatment" for arrestee were "exercising judgment with respect to [the plaintiff's] arrest and performing a discretionary function in the line and scope of their law-enforcement duties within the meaning of § 6-5-338.").

The burden thus shifts to Thomas to identify factual allegations that plausibly demonstrate an exception to this immunity. *Ex parte City of Homewood*, 231 So. 3d at 1087. Thomas has failed to do so. As noted above, Thomas bases Counts Four through Eight on allegations that the officer defendants *negligently* used excessive force against Thomas. However, allegations founded in negligence cannot defeat state agent immunity. "This immunity protects a State agent from liability for negligence or wantonness while performing discretionary functions." *L.S.B. v. Howard*, 659 So. 2d 43, 44 (Ala. 1995). "A finding of immunity . . . precludes a claim based in negligence." *Hollis*, 950 So. 2d at 305. Similarly, allegations of wantonness cannot overcome state-agent immunity. *See Ex parte Randall*, 971 So.

10

2d 652, 664 (Ala. 2007) ("This Court has previously held that poor judgment or wanton misconduct, an aggravated form of negligence, does not rise to the level of willfulness and maliciousness necessary to put the State agent beyond the immunity recognized in *Cranman.*"); *Norris v. City of Montgomery*, 821 So. 2d 149, 156 (Ala. 2001) ("§ 6-5-338(a), which immunizes peace officers from tort liability for conduct involving the exercise of discretion, makes no exception for wantonness.") (emphasis removed).   Thus, it is clear that peace officer immunity or state-agent immunity under *Cranman* "is not abrogated for negligent behavior; instead, immunity is withheld only upon a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority."[4]  *Giambrone v. Douglas*, 874 So. 2d 1046, 1057 (Ala. 2003).

Even though Thomas vaguely asserts within the body of each count that the officers  also acted willfully, maliciously, beyond their authority and under a mistaken interpretation of the law, it is clear that Counts Four through Eight are claims for negligence only.  Because the Court construes these counts as proceeding under a theory of negligence, they will be treated as such.  And as such, they fail to

---

[4] Thomas has asserted no state law claims for conduct that would not be subject to peace officer or state-agent immunity, and the Court does not construe his negligence claims as asserting such theories.

overcome peace officer and state-agent/*Cranman* immunity.[5]  Accordingly, Counts Four, Five, Six, Seven, and Eight are due to be dismissed.

## CONCLUSION

Accordingly, it is ORDERED as follows:

1.      Defendants' Motion to Dismiss (Doc. 13) is GRANTED.  Counts One, Three, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven are DISMISSED.  Count Two is dismissed to the extent it is premised upon a violation of the Eighth Amendment.

2.      The sole remaining claim is Thomas' Fourth Amendment excessive-force claim as set forth in Count Two of the Complaint.   This claim shall proceed against Defendants Cobb, Broten, Bullock, Baity, and Wheeler in their individual capacities only.

3.      Defendant City of Dothan, Alabama is DISMISSED as a defendant.

---

[5] Moreover, because the officer defendants are entitled to peace officer and state-agent immunity, even if Thomas had not abandoned his claims against the City of Dothan, the City would also be immune.  *See Howard v. City of Atmore*, 887 So. 2d 201, 211 (Ala. 2003) ("It is well established that, if a municipal peace officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune.").  "In cases such as this where the 'municipal employee' is a law enforcement officer, Alabama's statutory, discretionary-function immunity explicitly extends an officer's immunity to the employing municipality." *Brown v. City of Huntsville*, 608 F.3d 724, 742 (11th Cir. 2010) (citing Ala. Code § 6-5-338(b)).  Thus, Count Nine is also subject to dismissal.

DONE on this the 20th day of October 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE