IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STAVENIOUS THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:23-cv-00214-RAH |
| BRANDON COBB, *et al.*, | ) [WO] ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss (Doc. 43) filed by newly added defendant Damon Owens. The motion has been fully briefed and is ripe for decision. For the following reasons, the motion is due to be GRANTED.

### FACTS AND PROCEDURAL HISTORY

Plaintiff Stavenious Thomas was arrested by the Dothan Police Department (DPD) on May 5, 2021. After he was apprehended, and without resisting arrest or posing any threat, he was held down, restrained, and physically attacked by several officers and a canine. (Doc. 39 at ¶¶ 2, 19–21.) As a result, Thomas sustained bodily injuries that required "extensive medical treatment." (*Id.* at ¶ 22.)

On April 17, 2023 (just three weeks shy of two years after the incident), Thomas sued the City of Dothan and five DPD officers: Brandon Cobb, Erik Boten, Hunter Bullock, Nicholas Baity, and Jessica Wheeler in their individual and official capacities in connection with his arrest. He sued under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments, and he also asserted six state law negligence claims.

On March 11, 2024, Thomas sought leave to file an amended complaint. According to Thomas's motion, he sought to "add a new Defendant—Officer

1

Damon Owens—that was significantly involved in the excessive force used against Plaintiff that resulted in Plaintiff's physical injuries, pain and suffering and compensatory losses." (Doc. 35 at 1.) The motion was granted over the then-Defendants' objection, and the Amended Complaint was filed on April 2, 2024. (Doc. 39.) The factual basis for the claims against Owens are virtually identical to the claims against the other individual defendants. In his motion to dismiss, Owens argues the claims against him are barred by the two-year statute of limitations.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

A defendant may raise a statute of limitations defense on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint shows on its face the applicable limitation period has run. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

## DISCUSSION

Owens argues that Thomas's claims against him are barred by the two-year statute of limitations that governs § 1983 claims in Alabama.[1] *See Owens v. Okure*,

---

[1] Owens also spends considerable time rehashing his opposition to Thomas's motion for leave to file the Amended Complaint by again asserting Thomas's alleged failure to make a good cause

488 U.S. 235, 249–50 (1989) (holding that § 1983 claims look to the general state-law limitations statute for personal-injury actions); *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) ("Alabama law creates a two-year statute of limitations for personal injury actions." (citing Ala. Code § 6-2-38)). Thomas argues the claims against Owens are not time-barred because his claims relate back to the date of the originally-filed Complaint.

Thomas timely filed this action on April 17, 2023, just three weeks before the expiration of the two-year statute of limitations.[2] In his Complaint, Thomas did not identify Owens by name, description, or any fictitious party designation, nor did he claim lack of knowledge of the names of any other individuals involved in the use-of-force incident made the basis of this lawsuit. As such, the issue is merely whether Thomas's addition of Owens as a new, but not substituted, defendant relates back to the filing date of the Complaint on April 17, 2023.

Federal Rule of Civil Procedure 15(c) governs here. It provides that an amendment to a pleading relates back to the date of the original pleading when:

> **(c) Relation Back of Amendments.**
>
> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
> > **(A)** the law that provides the applicable statute of limitations allows relation back;
> >
> > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

---

showing when he moved for leave. The Court already has granted the motion, and therefore there is no need to address this issue any further.

[2] The circumstances presented here demonstrate why a plaintiff should not unduly wait to file his lawsuit.

3

> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thomas bears the burden of demonstrating satisfaction of the Rule's requirements. *See Fuston v. Fla.*, Case No. 2:12-CV-279-FTM-99, 2013 WL 937575, at *3 (M.D. Fla. Mar. 11, 2013) ("Plaintiffs have the burden of demonstrating that an amended complaint relates back under Rule 15(c)." (citing *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011))).

    Here, Thomas argues for relation back under Rule 15(c)(1)(C), as he should. *See Powers v. Graff*, 148 F.3d 1223, 1225 (11th Cir. 1998) ("When a plaintiff amends a complaint to add a defendant, but the plaintiff does so after the running of the relevant statute of limitations, then Rule 15(c)(3) [now Rule 15(c)(1)(C)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." (citations omitted)). Therefore, under that provision, Thomas must demonstrate: (1) his amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in his original Complaint, Fed. R. Civ. P. 15(c)(1)(B); (2) Owens received sufficient notice of the action such that he will suffer no prejudice from defending Thomas's claims on the merits, Fed. R. Civ. P. 15(c)(1)(C)(i); (3) Owens knew or should have known Thomas would have sued him, but for a mistake concerning the proper party's identity in the original

4

Complaint, Fed. R. Civ. P. 15(c)(1)(C)(ii); and (4) Owens received such notice, and acquired such knowledge, within the Rule 4(m) service period, Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c)(1)(C)(ii) appears to be the bone of contention between the parties. As such, discussion will be limited to that aspect of the Rule.

Rule 15(c)(1)(C)(ii) requires, among other things, "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). But ignorance or lack of knowledge of the proper or additional defendants does not qualify as a "mistake." *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) ("While we have stated that we read the word 'mistake' in Rule 15(c) liberally, we do not read the word 'mistake' to mean 'lack of knowledge.'") (internal quotation marks and citation omitted); *Rutsky v. Target Corp.*, Case No. 12-61828-CIV, 2012 WL 5604620, at *3 (S.D. Fla. Nov. 15, 2012) ("Indeed, the United States Court of Appeals for the Eleventh Circuit has held that the lack of knowledge regarding the identity of a party is not a mistake concerning the identity of the proper party for purposes of Rule 15(c)(1)(C) . . . and therefore does not relate back."); *Presnell v. Ga. Bureau of Investigation*, Case No. 4:10-CV-0060-HLM, 2010 WL 11520595, at *3 (N.D. Ga. Dec. 28, 2010) ("Here, Plaintiff seeks to add new defendants, not to correct a mistake, but instead to incorporate information that Plaintiff lacked at the beginning of this lawsuit. Under those circumstances, the proposed amendments adding . . . Defendants would not relate back to the filing of the Complaint[.]"); *Mann v. Darden*, 630 F. Supp. 2d 1305, 1310 (M.D. Ala. 2009) ("[Plaintiff's] ignorance of the proper defendants, however, does not qualify as a 'mistake.'").

Here, Thomas does not explicitly argue mistake. Nor does he argue substitution for a fictitious or unknown defendant. Instead, the Amended Complaint, by Thomas's own admission, adds a new defendant whose existence and identity were learned during discovery in the case. Thus, Thomas's addition of a new defendant via the Amended Complaint was not due to a mistake concerning the

5

proper party's identity and does not relate back to the filing of the original Complaint.

But that is not all: Thomas also has not shown that Owens received notice of the action such that Owens will not be prejudiced in defending the case on the merits, as there is no allegation or evidence of direct notice to Owens. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). Courts will impute notice of a plaintiff's claims to a newly named defendant when the same attorney represents both the new defendant and the original defendant, particularly when that attorney has asserted arguments indicating awareness that the original defendant did not constitute the proper party. *See Lindley v. Birmingham, City of Ala.,* 652 F. App'x 801, 804 (11th Cir. 2016) ("Constructive notice satisfies Rule 15(c)'s requirements and can be imputed to a new defendant through her attorney if that attorney also represents the parties originally sued."); *Crutcher v. Vickers*, Case No. CV-10-S-01176-NE, 2012 WL 3860557, at *6 (N.D. Ala. Sept. 5, 2012) ("[T]he City received notice of this action with the service of the complaint and summons on the Athens Police Department, a subdivision of the City that is represented by the same attorney. The City must have known that plaintiff would have filed this action against it, but for a mistake as to the proper party's identity, because that same attorney filed a motion to dismiss the claims against the Athens Police Department on the grounds that a municipality is the proper entity subject to suit for the actions of an officer."); *Jones v. City of Montgomery*, Case No. 2:10-CV-940-WKW, 2012 WL 896413, at *1 (M.D. Ala. Mar. 16, 2012) (finding no prejudice to newly named defendants when the attorney representing both the original and new defendants received notice of both the original and amended complaints, and filed a motion to dismiss asserting the plaintiff's error in naming the original defendant). But here, notice cannot be imputed to Owens because Owens is represented by entirely different counsel from the other defendants in this action.

In short, Thomas has not shown that his Amended Complaint adding Owens as a new defendant relates back to the filing date of the Complaint. As a result, Thomas's federal claims against Defendant Damon Owens are time-barred.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Defendant Damon Owens's Motion to Dismiss (Doc. 43) is **GRANTED.**
2. Defendant Damon Owens is **DISMISSED** as a defendant.
3. Defendant Owens's Motion to Modify Case Scheduling Order (Doc. 45) is **DENIED as moot**.

**DONE** on this the 14th day of June 2024.

*[signature]*

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE